920 F.2d 935
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MASH TRANSPORTATION, INCORPORATED, Respondent.
 No. 89-2101.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1990.*
Decided Dec. 5, 1990.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 The National Labor Relations Board (the "Board") petitions this Court for enforcement of its Second Supplemental Decision and Order which adopted the finding of an administrative law judge (the "ALJ") that Mash Transportation, Inc. (the "Company") owed backpay to two of its former employees, Arthur C. Scheid and Mark Combs, in the amounts of $7,573.81 and $17,221.62, plus interest, respectively. See Mash Transportation, Inc., 293 NLRB 46 (1989). We grant enforcement.
 
 
 3
 Our standard of review is set forth in 29 U.S.C. Sec. 160(e), which provides that "the findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive." 29 U.S.C. Sec. 160(e); see Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). "The Board's conclusions may not be displaced on review simply because the reviewing court might justifiably have reached different conclusions had it considered the matters de novo." Lapham-Hickey Steel Corp. v. NLRB, 904 F.2d 1180, 1184 (7th Cir.1990). "Moreover, we must recognize the Board's special function of applying the provisions of the [National Labor Relations Act] to the complexities of industrial life." U.S. Marine Corp. v. NLRB, Nos. 89-2051, 89-2140 & 89-2152, slip op. at 13 (7th Cir. Oct. 18, 1990) (quoting Lapham-Hickey Steel Corp., 904 F.2d at 1184)).
 
 
 4
 The Company first contends that the two employees should be denied backpay because it would not have hired them had they not misrepresented their driving records on the job applications that they submitted. This contention lacks merit. The record shows that the Company condoned the misrepresentations made by Scheid and Combs. See D'Youville Manor, Lowell, Massachusetts, Inc. v. NLRB, 526 F.2d 3, 7 (1st Cir.1975); Overnite Transportation Co., 254 NLRB 132, 134 (1981). It retained both Scheid and Combs despite its knowledge of the inaccuracies contained in their employment applications. It also hired and retained other drivers with poor driving records whose applications contained similar misrepresentations. In these circumstances the Board's conclusion that the Company failed to sustain its burden of affirmatively proving that it would not have hired Scheid and Combs if they had submitted accurate applications, see Service Garage, Inc., 256 NLRB 931, 931-32 (1981), was reasonable and supported by substantial evidence. Its decision to award backpay to the two employees was therefore proper. To the extent, moreover, that the Company disputes the ALJ's finding that Combs informed it of his other driving violations, such finding is a credibility determination that we overturn only under exceptional circumstances, see NLRB v. Rain-Ware, Inc., 732 F.2d 1349, 1354 n. 6 (7th Cir.1984), and none were shown.
 
 
 5
 The Company next contends that Combs should be denied backpay for the period after August 1986, because he "willfully incurred" losses by voluntarily leaving his interim employment at Freight Movers. This contention also lacks merit. The record shows that Comb's reason for leaving was justifiable. Combs testified that Freight Movers discharged him in a dispute over improperly maintained trucks, and Freight Movers conceded that Combs left because he felt that its safety standards did not meet his own. The Board has long held that the quitting of interim employment for safety-related reasons is justifiable. See, e.g., American Manufacturing Co., 167 NLRB 520, 526 (1967). Thus the Board's conclusion that the Company failed to affirmatively prove that Combs quit his job at Freight Movers, or if he did quit, that such action constituted a willful loss of interim earnings, see NLRB v. Nickey Chevrolet Sales, Inc., 493 F.2d 103, 107 (7th Cir.), cert. denied, 419 U.S. 834 (1974), was reasonable and supported by substantial evidence.
 
 
 6
 The Company finally contends that Combs should be denied backpay because there is the potential for him to receive backpay twice for the same period of time if he prevails in the unlawful discharge action that he filed against Freight Movers. This contention likewise lacks merit. The Board reasonably concluded that "[i]f Combs prevails against Freight Movers ..., whatever backpay he receives as a result of that pending action might be reduced by what he is entitled to here," but that the matter was one for determination by the forum hearing the action against Freight Movers. The record shows that that action had not come to trial when the Board's backpay hearing in this case came to a close, so that any backpay award from Freight Movers was "a mere potentiality while [the Company's] primary liability for this loss [was] an established reality." Accordingly, the Board properly refused to offset the certain amount of backpay due Combs from the Company by any potential backpay award from Freight Movers.
 
 
 7
 ORDER ENFORCED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and the record
 
 
 **
 Honorable Robert A. Grant, Senior Judge of the Northern District of Indiana, sitting by designation